# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Michael Lyon, | Case no. 1:15-cv-02320 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | Magistrate Judge Kenneth S. McHargh |
| Trans Union, LLC, *et al.*, | |
| Defendants, | |
| and | |
| American Recovery Systems, Inc.<br>c/o Sergio Martinez, statutory agent<br>3263 Cypress Point Circle<br>Pickerington, OH 43147 | |
| and | |
| Experian Marketing Solutions, Inc.<br>c/o CT Corporation System<br>1300 East 9th Street<br>Cleveland, OH 44114 | |
| New Party-Defendants. | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Michael Lyon, by and through his undersigned counsel, for his Amended Complaint against the above-captioned Defendants, hereby states as follows:

1. Plaintiff Michael Lyon ("Plaintiff") is an individual residing in the State of Ohio, County of Cuyahoga, at 8187 Chipper Drive, North Ridgeville, OH 44039.

2. Defendant Trans Union, LLC ("Transunion") is a Delaware limited liability company registered to do business in the State of Ohio, which regularly conducts business in the

State of Ohio, with a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

3. Defendant American Express Bank, FSB ("American Express") is a Delaware limited liability company which regularly conducts business in the State of Ohio, and is an affiliate of American Express Travel Related Services Issuer of the American Express Card, having a principal place of business located at 200 Vesey Street, New York, NY 10285.

4. Defendant American Recovery Systems, Inc. ("ARSI") is an Illinois corporation licensed to do business in the State of Ohio with a principal place of business located at 1699 Wall Street, Suite 300, Mount Prospect, IL 60056.

5. Defendant Experian Marketing Solutions, Inc. ("Experian") is a Delaware corporation registered to do business in the State of Ohio, having a principal place of business at 475 Anton Blvd. D2, Costa Mesa, CA 92626.

6. This Court has jurisdiction over this case pursuant to 15 U.S.C. § 1692 *et seq.*, 15 U.S.C. § 1681 *et seq.*, and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1401(a) and the order entered by Judge William Ditter, Jr. as Doc. No. 43 on November 10, 2015.

## FACTUAL AND PROCEDURAL HISTORY

8. In 2009, American Express Travel Related Services instituted two lawsuits against Plaintiff, arising out of his alleged guaranty of two business credit card accounts for MGM Construction, Inc.

9. The first lawsuit, captioned *American Express Travel Related Services Issuer of the American Express Card v. Michael Lyon*, was filed in the Cuyahoga County Court of Common Pleas on January 16, 2009, relating to the account number ending in 1008, and bearing

case number cv-09-681987 (the "First Lawsuit"), and falsely alleged that Plaintiff was personally indebted to American Express in the amount of $63,619.65.

10. In the First Lawsuit, Plaintiff disputed that any written agreement reflecting any personal liability existed between him and American Express.

11. The second lawsuit, captioned *American Express Travel Related Services Issuer of the American Express Card v. Michael Lyon*, was filed in the Cuyahoga County Court of Common Pleas on February 18, 2009, relating to the account number ending in 1003, and bearing case number cv-09-685097 (the "Second Lawsuit"), and falsely alleged that Plaintiff was personally indebted to American Express in the amount of $70,082.68.

12. In the First and Second Lawsuits, Plaintiff disputed that he was personally liable to American Express, as the alleged debt was incurred by MGM Construction, Inc.

13. The First Lawsuit was referred to arbitration, and on June 7, 2010, the arbitrators found in favor of Michael Lyon (the "arbitrators' award") and the case was closed.

14. The Second Lawsuit was dismissed by American Express on September 22, 2009.

15. On or about March 28, 2011, American Express referred the 1008 account—the subject of the arbitrators' decision in the First Lawsuit—to ARSI for collection.

16. On December 12, 2011, well after the one-year period for re-filing under the savings statute had expired, American Express Bank FSB again sued Michael Lyon in the Cuyahoga County Court of Common Pleas, in a lawsuit captioned *American Express Bank FSB v. MGM Construction, Inc., et al.*, relating to the account number ending in 1003, and bearing case number cv-11-771067 (the "Third Lawsuit"), and falsely alleged that Plaintiff was personally indebted to American Express in the amount of $70,082.68.

17. On March 23, 2012, American Express filed a notice of dismissal of the Third Lawsuit as to Michael Lyon only.

18. On or about November 1, 2013, American Express referred the 1003 account to ARSI for collection, despite having filed two lawsuits on that account and having filed notices of dismissal of both cases, triggering the two-dismissal rule.

19. On or about April 4, 2011, Plaintiff's attorney expressly informed ARSI of the arbitrators' award from the First Lawsuit.

20. Notwithstanding this information, ARSI confirmed with American Express that collection activity should continue.

21. Thereafter, ARSI continued to attempt to collect from Plaintiff the alleged amounts due on both the 1003 and the 1008 accounts, without an underlying debt attributable to Plaintiff.

22. In its attempt to collection from Plaintiff, ARSI obtained Plaintiff's credit report without permission from Plaintiff and without a permissible purpose under the Fair Credit Reporting Act.

23. ARSI and American Express had actual knowledge that Plaintiff was not personally liable for the amounts allegedly due to American Express, as a result of the arbitrators' award.

24. After the entry of the arbitrators' award and dismissal of the Third Lawsuit, ARSI and American Express continued to falsely report derogatory credit information regarding both accounts to the credit bureaus, falsely claiming that Plaintiff was personally liable to American Express.

25. Plaintiff repeatedly notified Transunion, Experian, and Equifax that the debt was disputed.

26. Transunion and Experian repeatedly failed to respond to Plaintiff's disputes as required under law, and failed to investigate Plaintiff's disputes.

27. Since 2009, Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history (the "inaccurate information").

28. Defendants have disseminated the inaccurate information by issuing false and inaccurate credit information to Plaintiff's creditors and potential creditors, as well as disseminating false and inaccurate credit reports.

29. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's creditworthiness.

30. Plaintiff has repeatedly disputed the inaccurate information, by following the established procedures for disputing consumer credit information.

31. Despite Plaintiff's disputes, Defendants have continued to publish and disseminate the inaccurate information to third parties.

32. Defendants have failed to contact Plaintiff to verify, investigate, or inquire about Plaintiff's disputes.

33. Transunion and Experian have failed to contact American Express or ARSI to verify, investigate, or inquire about the validity of the alleged debts, or mark the debts as disputed, after receiving notice of Plaintiff's disputes.

34. American Express has failed to contact the credit bureaus, or investigate Plaintiff's disputes, and has willfully continued to report the inaccurate information to the credit bureaus.

35. Despite Plaintiff's efforts, Defendants have deliberately, willfully, intentionally, recklessly, and maliciously failed to (a) perform reasonable reinvestigations of the above disputes as required by the FCRA, (b) remove the inaccurate information, (c) note the disputed status of the inaccurate information, (d) stop reporting and disseminating the inaccurate information about Plaintiff.

36. All actions of the Defendants herein were performed by and through Defendants' agents and/or employees in the course and scope of their employment, and under the direct supervision and control of the Defendants.

37. As a result of the inaction, omissions, misdeeds, and misrepresentations of Defendants, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to his credit reputation, harm to his credit score, and emotional distress.

## COUNT I
## DECLARATORY JUDGMENT

38. Plaintiff incorporates by reference the preceding allegations of his Complaint as though fully rewritten herein.

39. On June 7, 2010, Plaintiff obtained an arbitrators' award in his favor and against American Express in the first lawsuit.

40. The arbitrators' award constitutes a final judgment between Plaintiff and American Express regarding Plaintiff's lack of personal liability to American Express under the accounts.

41. Plaintiff is entitled to a determination herein that American Express is barred by the doctrine of *res judicata* from pursuing Plaintiff for payment relating to the 1003 and 1008 accounts.

## COUNT II
## DECLARATORY JUDGMENT

42. Plaintiff incorporates by reference the preceding allegations of his Complaint as though fully rewritten herein.

43. American Express filed the First Lawsuit, which was voluntarily dismissed by American Express.

44. Under R.C. § 2305.19(A), American Express had one year from the date of dismissal within which to re-file the claims against Lyon.

45. American Express filed the Third Lawsuit on December 12, 2011, more than one year after the dismissal of the Second Lawsuit.

46. The Third Lawsuit was voluntarily dismissed by American Express on March 23, 2012.

47. The voluntary dismissal of the Third Lawsuit was the second voluntary dismissal filed by American Express; therefore, it operated as an adjudication on the merits pursuant to Rule 41(A)(1) of the Ohio Rules of Civil Procedure.

48. Plaintiff is entitled to a determination herein that American Express is barred by the doctrine of *res judicata* from pursuing Plaintiff for payment relating to the 1003 and 1008 accounts.

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT

49. Plaintiff incorporates by reference the preceding allegations of his Complaint as though fully rewritten herein.

50. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, *et seq*. ("FCRA").

51. Transunion and Experian are "persons" and "consumer reporting agencies" which handle "consumer reports" under the FCRA.

52. American Express and ARSI are "furnishers of information" under the FCRA.

53. Defendants negligently and/or willfully failed to comply with the FCRA.

54. Defendants' actions were a direct and proximate cause, and a substantial factor, in the damages sustained by Plaintiff.

55. Defendants are liable to Plaintiff in an amount to be determined at trial, for all statutory, actual, and punitive damages, as well as Plaintiff's attorneys' fees.

## COUNT IV
## MALICIOUS PROSECUTION BY AMERICAN EXPRESS

56. Plaintiff incorporates by reference the preceding allegations of his Complaint as though fully rewritten herein.

57. The First Lawsuit was terminated in Plaintiff's favor.

58. American Express maliciously instituted the Second and Third Lawsuits with the knowledge that they lacked probable cause.

59. The Second and Third Lawsuits lacked probable cause by virtue of the arbitrators' award in the First Lawsuit, as well as American Express' failure to timely file the Third Lawsuit within the savings statute.

60. As a result of American Express' malicious prosecution of Plaintiff, Plaintiff was deprived of property in the form of available credit, credit reputation, business opportunity, and which caused harm to Plaintiff's creditworthiness.

61. For its malicious prosecution, American Express is liable to Plaintiff in an amount to be determined at trial.

## COUNT V
## CIVIL CONSPIRACY

62. Plaintiff incorporates by reference the preceding allegations of his Complaint as though fully rewritten herein.

63. American Express and ARSI combined their efforts in an attempt to maliciously collect from Plaintiff debts for which he is not liable.

64. American Express communicated to ARSI that collection efforts should continue despite the outcome of the First, Second and Third Lawsuits.

65. ARSI had actual knowledge of the arbitrators' award that precluded American Express from continuing to collect from Plaintiff.

66. The concerted efforts of American Express and ARSI would not have been possible without the other, resulting in violations of the FCRA.

67. As a result of the actions of American Express and ARSI, Plaintiff suffered actual damages in the form of loss of available credit, injury to his credit reputation, lost business opportunity, all of which caused harm to Plaintiff's creditworthiness.

68. American Express and ARSI are, therefore, liable to Plaintiff in an amount to be determined at trial.

## COUNT VI
## FRAUDULENT MISREPRESENTATION BY AMERICAN EXPRESS

69.     Plaintiff incorporates by reference the preceding allegations of his Complaint as though fully rewritten herein.

70.     American Express had a duty to provide truthful and accurate information to third parties concerning Plaintiff.

71.     American Express fraudulently misrepresented to ARSI and other third parties that Plaintiff was personally liable to American Express for the amounts alleged to be owed in the First, Second and Third Lawsuits.

72.     American Express fraudulently misrepresented to Plaintiff that it would comply with the FCRA regarding the alleged debts.

73.     The fraudulent misrepresentations made by American Express were material to Plaintiff's creditworthiness.

74.     American Express knew, or had reason to know, that representations concerning Plaintiff's personal liability to American Express were false.

75.     American Express intended that Plaintiff rely upon the fraudulent misrepresentations concerning Plaintiff's alleged liability to American Express, in an attempt to collect money from Plaintiff.

76.     American Express intended that Plaintiff rely upon its fraudulent misrepresentations, that it would act in compliance with the FCRA.

77.     Plaintiff reasonably and justifiably relied upon American Express' fraudulent misrepresentations that it would comply with the FCRA and correctly and accurately report Plaintiff's credit history.

78. As a result of American Express' fraudulent misrepresentations, Plaintiff suffered actual damages in the form of loss of available credit, injury to his credit reputation, lost business opportunity, all of which caused harm to Plaintiff's creditworthiness.

79. American Express and ARSI are, therefore, liable to Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants; for actual, statutory, and punitive damages in an amount to be determined at trial; for attorneys' fees and costs; and for such other and further relief as the Court deems just and fair.

> Respectfully submitted,
>
> */s/ Rachel L. Steinlage*
> Rachel L. Steinlage (0079450)
> MEYERS, ROMAN, FRIEDBERG & LEWIS
> 28601 Chagrin Blvd., Suite 500
> Cleveland, OH 44122
> Phone: (216) 831-0042
> Fax: (216) 831-0542
> *Counsel for Plaintiff, Michael Lyon*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

> */s/ Rachel L. Steinlage*
> Rachel L. Steinlage (0079450)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 15, 2016, a true and correct copy of the foregoing *Plaintiff's Amended Complaint* was sent by regular U.S. mail, postage prepaid, to the following:

Justin T. Walton
Robert J. Schuckit
Schuckit & Associates PC
4545 Northwestern Drive
Zionsville, IN 46077
*Attorneys for Defendant Trans Union, LLC*

Steven M. McCartan
Shook, Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108
*Attorneys for Defendant American Express Bank, FSB*

*/s/ Rachel L. Steinlage*
Rachel L. Steinlage (0079450)